PARIENTE, J.,
concurring.
I concur with the majority opinion in affirming the conviction and death sentence. I write separately only to address Justice Polston’s assertion in his concurring opinion that this Court should independently review the relative culpability of Carr and codefendant Joshua Fulgham to avoid “fractur[ing] our proportionality review.” Concurring op. at 1074 (Polston, J.).
I respectfully disagree. First, this Court could have avoided any “fracture” of our review of this issue by relinquishing jurisdiction to the trial court — a course I would have favored. However, because we did not do so, I agree with the majority in *1073 following our precedent to permit Carr to raise the issue in a timely filed postconviction motion. See Scott v. Dugger, 604 So.2d 465, 468-69 (Fla.1992) (explaining that a subsequent sentence of a codefen-dant constituted newly discovered evidence for purposes of a timely filed motion for postconviction relief).
A determination regarding relative culpability requires factual findings that this Court is not in a position to make in the first instance. See Puccio v. State, 701 So.2d 858, 860 (Fla.1997) (“A trial court’s determination concerning the. relative culpability of the co-perpetrators in a first-degree murder case is a finding of fact and will be sustained on revieio if supported by competent substantial evidence.” (emphasis added)). Typically, this Court relies on the factual findings of the trial court in reviewing relative culpability, but there are no factual findings by the trial court in this case as to Carr’s culpability relative to Fulgham’s.
Fulgham was convicted and sentenced to life imprisonment after Carr’s direct appeal was already pending in this Court, and the issue was raised for the first time in Carr’s reply brief. While the record in this case was later supplemented with the record from Fulgham’s case, and while the parties filed supplemental briefs on the relative culpability issue, the State persuasively argued that this Court would be required to make factual findings in order to decide the issue of relative culpability under a de novo standard, as advocated for by Carr. See Supplemental Answer Br. of Appellee at 29-30, Carr v. State, No. 11-476 (Fla. Oct. 1, 2013).
This case involves a close jury vote, where a bare majority of seven jurors recommended that Carr be sentenced to death. Justice Polston’s concurring opinion makes a facially compelling argument as to why Carr could be considered more culpable than Fulgham, relying on Carr’s “superior intelligence” and testimony indicating that she was “manipulating of male relationships.” Concurring op. at 1074 (Polston, J.). My review of the record indicates, however, that the relative culpability issue is not as clear-cut as the concurrence asserts.
Specifically, as the majority opinion to some extent recounts and as Carr contended in supplemental briefing, the prosecution argued at both trials that each respective codefendant was the manipulator and a dominant force in the murder. Although some evidence would support a finding that Carr was more culpable, other evidence suggests that Fulgham was more culpable. This evidence includes that Fulgham clearly had a strong motive for murdering his wife in order to prevent her from leaving the state with their children; Fulgham concocted the murder plan; Fulgham brought the victim to the crime scene; and Fulgham stated that he probably would not have been able to go through with the murder if the victim had not admitted to infidelity. In addition, it is disputed as to which of the two codefen-dants’ inculpatory statements are more credible.
Without factual findings by the trial court, this Court is placed in the position of making its own factuál determinations regarding all of these factors in the relative culpability analysis, which is actually what Carr asks this Court to do. See Supplemental Reply Br. of Appellant at 4, Carr v. State, No. 11-476 (Fla. Oct. 21, 2013) (“Since this Court does have the record of both proceedings below, this Court is in the unusual position of being able to conduct fact-finding.”). In my view, it would be inappropriate for this Court to make factual determinations and, as an appellate court, we are ill-suited to do so. Accordingly, I concur with the majority in permitting the relative culpability claim to be resolved in postconviction proceedings.